### FOR THE COUNTY OF

## SOMERSET.

### JUNE TERM,

### 1822.

—»»⊛⊛⊛«««—

*Memorandum.* WESTON J. was not present at this term.

---

### THE STATE *v.* SMITH.

A recognizance for the appearance of the party in a criminal prosecution should state in substance all the proceedings which shew the authority of the magistrate or Court to take it.

In a *scire facias* upon a recognizance taken by a Justice of the peace in a criminal case, it must appear that the recognizance has been returned to the Court having jurisdiction of the matter.

SCIRE FACIAS upon a recognizance entered into before a Justice of the peace. The writ recited that the defendant acknowledged himself indebted in a certain sum, to be levied to the use of the Commonwealth of *Massachusetts*, if one T. P. should fail personally to appear at the next Circuit Court of Common Pleas to answer to the complaint of one J. A. against him for assault and battery ; and alleged that T. P. did not appear at said Court " but made default as appears of record." To which the defendant demurred.

*Boutelle*, in support of the demurrer, objected that it did not appear from the recognizance that the Justice had jurisdiction of the matter. It speaks of a complaint for an assault, but it does not appear where it was pending, nor that there was *any* process before the magistrate. The cause of caption should appear in the recognizance itself. *Commonwealth v. Downing,*

State *v.* Smith.

9 *Mass.* 520. *Commonwealth v. Ward,* 4 *Mass.* 497, *ib.* 641.—
Moreover, it does not appear that the recognizance was made
matter of record in the Court to which it was returnable. *Bridge
v. Ford,* 7 *Mass.* 209. 4 *Mass.* 497. *Commonwealth v. Downing,*
9 *Mass.* 520.

*Kidder,* for the State, replied that the writ sufficiently shewed
that there was a complaint pending for assault and battery;
and in all such cases the statute gave jurisdiction to Justices of
the peace, either to bind over, or to punish by fine. Here he
bound over by recognizance, which is apparent enough from
the writ. *Commonwealth v. Loveridge,* 11 *Mass.* 337.

As to the other objection, he adverted to the recital in the
writ " as appears of record," which might well be taken to re-
late to all the proceedings previously set forth.

MELLEN C. J. delivered the opinion of the Court as follows.

It is settled law that a recognizance should state the ground
on which it is taken, so that it may appear that the magistrate
taking it had jurisdiction and authority to demand and receive
it. 4 *Mass.* 641. 7 *Mass.* 209. 9 *Mass.* 520. These cases shew
that the Court issuing the *scire facias* must be in possession of
the record of the recognizance. In all cases such *scire facias*
must contain an averment of those facts which shew the recog-
nizance to have been legally taken and returned to the Court
where the party recognizing is bound to appear, and such pro-
ceedings of that Court as form the basis of the suit. In the
present case, the writ does not state that any complaint was
made to the Justice taking the recognizance, nor that any pro-
cess was pending before him. Neither does the recognizance.
Nor have we any facts by which we can ascertain by what au-
thority he demanded and received it. It does not appear that
he had rendered any judgment or passed any order against the
party accused, or that any appeal had been claimed by him to
the Circuit Court of Common Pleas, nor on what account the
recognizance was entered into by the defendant. Nor is there
any averment that the same had ever been returned to that
Court, so as to become the legal foundation of the present
action. In every view the process is defective, and we accord-
ingly adjudge the writ insufficient.