CHITTENDEN,
January,
1842.

Treasurer of
Vermont
v.
Merrill et al.

---

TREASURER OF VERMONT *v.* ARAD MERRILL AND JACOB MAECK.

A recognizance is matter of record and cannot be aided by any parol averments. If made returnable at a time when no term of court is holden, and there is nothing in the record from which the court can infer that such time was intended to describe the time of the next session of the court, the recognizance is void.

DEBT upon a recognizance, entered into by the defendants

as sureties and Edward B. Brigham as principal, conditioned for the appearance of said Brigham, before Chittenden county court, at its term, " to be holden on the last Tuesday, save one, in 1840," on a charge of burglary. The day of the sitting of the court was the last Tuesday, save one, in *August*, 1840, and the omission of the month, in the record of the recognizance, was supplied by an averment in the declaration.

The defendants demurred to the declaration, and judgment was rendered by the county court that the declaration was insufficient. The plaintiff excepted.

*G. K. Platt*, state's attorney, for plaintiff.

*J. Maeck*, for defendants.

The opinion of the court was delivered by

REDFIELD, J.—This is an action of debt on recognizance. The recognizance is made returnable on the last Tuesday, save one, in 1840, instead of the last Tuesday, save one, in August, 1840. A recognizance is a debt of record. It can exist only of record. It must be proved by the record. The record cannot be contradicted, nor varied, nor its defects supplied by any parol averments merely. It must stand or fall by itself, with the aid of such intendments as the court can reasonably make. In the present case, if the bail had bound themselves to surrender the principal at the next county court, although a wrong day for its session had been inserted, possibly that might have been rejected as surplusage, and the court, by the help of the word *next*, and its judicial knowledge of the time of holding the terms of court, which are fixed by general laws, might have supplied the defect. But there is nothing to aid any such intendment in the present case. The obligation, or expression, is simply to surrender the principal at a term of the county court to be holden on the last Tuesday save one in 1840. This is not an impossible day, and there is nothing, *in the record*, by which any presumption will arise, that the recognizance was intended to be made returnable at any other time, than that named. We may suppose the parties did not intend to give, or receive, a void recognizance. But this alone will not justify

CHITTENDEN,
January,
1842.

Treasurer of
Vermont.
*v.*
Merrill *et al.*

us in supplying the defect.  If so, we might soon come to supply all supposed omissions in contracts, which would be to enforce contracts according to our views of what they should have been, rather than of what they are.

Judgment affirmed.