## Case No. 14,742.

### UNITED STATES v. CASE.

[8 Blatchf. 250.] [1]

Circuit Court. N. D. New York. Feb. 17, 1871.

RECOGNIZANCE—POWER OF COMMISSIONER TO TAKE.

A commissioner appointed by a circuit court of the United States for a district within the state of New York, has no power to take a recognizance for the appearance before himself, at a future day, of a person charged with a criminal offence against the laws of the United States, and a recognizance so taken is void.

[Cited in note to U. S. v. Horton, Case No. 15,393: U. S. v. Martin. 17 Fed. 155; Ex parte Perkins, 29 Fed. 909; Strong v. U. S., 34 Fed. 21; Re Manning, 44 Fed. 276; Marvin v. U. S., Id. 410; U. S. v. Keiver, 56 Fed. 425; Hallett v. U. S., 63 Fed. 822.]

[Cited in Re Mantz, 8 Mackey, 596, 598; U. S. v. Eldredge, 5 Utah, 161, 13 Pac. 679.]

[In error to the district court of the United States for the Northern district of New York.]

This was an action, brought in the district court, by the United States, on a recognizance taken by a commissioner appointed by the circuit court. on the arrest and examination of a person charged with perjury, conditioned for the appearance of the accused before the commissioner on a future day, to which the proceeding was adjourned, for his further examination. The instructions given to the jury, on the trial of the action in the district court, were, in substance, that the plaintiffs were not entitled to recover, and a verdict was rendered for the defendant [Alfred Case]. The judgment thereupon, with the bill of exceptions to the rulings of the district judge, was brought. by writ of error. to this court.

William Dorsheimer. U. S. Dist. Atty.

J. Thomas Spriggs, for defendant in error.

WOODRUFF. Circuit Judge. I concur in the conclusion of the court below, that a commissioner has no authority to take bail for the appearance of a party accused, for examination before himself at a future day. It is unnecessary to repeat the reasoning contained in the opinion of the district judge

---

[1] [Reported by Hon. William Cranch. Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford, District Judge. and here reprinted by permission.]

upon that point. It may be conceded, that a commissioner, under the statutes of the United States in virtue of which he is appointed, has, in the matter of taking bail, the same power as a judge of the supreme, circuit, or district court, or a justice of the peace, and, therefore, the question is—has either of the officers last named such power?

It is quite clear, I think, that the 33d section of the judiciary act of 1789 (1 Stat. 91) was rightly construed by Judge Curtis, in U. S. v. Rundlett [Case No. 16,208], and that, in a state where a justice of the peace has power to take a recognizance to appear from day to day pending the examination of an accused, there a United States commissioner has such power. There seems no good reason why the officers of the United States should not have the same power in this respect in whatever state they exercise their jurisdiction; but, congress having seen fit to direct, that a party accused may, "agreeably to the usual mode of process against offenders" in the state "where he may be found," "be arrested, and imprisoned, or bailed," the court cannot say that a recognizance not warranted by the laws of the state, nor by any other act of congress, is of any validity. Indeed, in the case above referred to, the doubt considered in the opinion of Judge Curtis was, whether the terms, "agreeably to the usual mode of process" in the state, could be so construed as to confer power to take such bail even in a state where such bail was authorized. The statutes of New Hampshire authorizing the taking of such a recognizance, it was held that a commissioner, by virtue of his powers as commissioner, and of the act of congress of 1789, might do so.

The case of Potter v. Kingsbury, 4 Day, 98, shows, also, that, in Connecticut, a bond or recognizance for such appearance might be taken pending an examination; but the court refer the power solely to the statute.

No such statute exists in New York, and I am referred to no decision of her courts affirming the power of her magistrates to take such a recognizance. Unless the power can be inferred from the general authority given to take bail, it cannot be affirmed at all; and, in considering that question, it is not material whether the statutes of the state of New York are referred to, or the broad language of the acts of congress. Section 33, of the act of 1789, declares, quite as broadly as any statute of the state of New York, that, "upon all arrests in criminal cases, bail shall be admitted." Whether such language is to be construed to require the judge, justice, or commissioner to take bail for appearance from day to day, may be ascertained by inquiring what was the meaning of the term "bail," as understood and used, either at common law, or in the statutes of England, by which the subject was chiefly regulated in that country. I have searched in vain to find any authority for giving it the construction contended for. It meant, at that early day, when the sheriff of the county, as a peace officer, exercised the power of holding to bail, the taking of security for the appearance of the party accused at the court, at the time and place for trial. It has that meaning, and, indeed, is so described, in terms, in the statutes which were passed restricting, regulating, and finally withdrawing that power from sheriffs, and conferring it exclusively upon courts, justices, or other magistrates. See English Statutes at Large, 3 Edw. I. c. 15; 6 Edw. I. c. 9; 1 Rich. III. c. 3; 3 Hen. VII. c. 3; 19 Hen. VII. c. 10; 1 & 2 Phil. & M. c. 13; 1 Edw. IV. c. 2. I have noticed no English statute which warrants the taking of any other bail than above described, until the enactment of 1 & 2 Geo. IV. c. 218, which specially authorizes constables in the Metropolitan police district, attending the watch-houses between 8 o'clock in the afternoon and 6 in the forenoon, to take bail, from parties arrested without warrant for petty misdemeanors, for their appearance before the justice in Bow street, at 10 in the morning.

It cannot be said, I think, that the power to take such security for attendance for examination from day to day exists at common law, or that it is a necessary incident to the power and duty to enquire whether there is ground for holding the accused for trial. The duty of the justices to examine, and to complete such examination within a reasonable time, is often affirmed in the early English cases, and the power, also, to commit pending the examination; and it has been held, that, for unreasonable detention, for the purposes of examination, justices are liable to an action. The duty to examine speedily, and to discharge, if no sufficient proof of guilt appears, to justify holding for trial, is stringently maintained, and, no doubt, because, the accused being lawfully held in actual custody until such examination is had, due regard to the liberty of the subject demands that no unreasonable delay be permitted. It may, also, be suggested, that, until the official enquiry into the probable guilt of the accused, and the degree of enormity of the offence committed, the magistrate has no guide by which to determine what amount of security for appearance would be justly required. True, where the power has been expressly conferred, the magistrate may be governed by the charge made, and, for the purpose of fixing the security to be given to appear from day to day, may assume the guilt of the accused, and that the offence is as charged in the complaint; and a party arrested may prefer to give such security, if able to do so, rather than remain in custody. Nevertheless, the theory, and the just theory, was, that, until examination by the magistrate, he could not, in justice to the accused, or to the state, by any safe guide, determine whether bail ought to be required, or fix its amount; and, hence,

justice required, that he should proceed without unreasonable delay to the investigation of the matter charged, that the accused might be speedily relieved, if no sufficient cause for holding to trial appeared.

I conclude, therefore, that the duty and power to admit to bail, declared by the acts of congress, as well as by the constitution of the United States, no less than by the constitution and statutes of New York, relate to the acceptance of bail for appearance at the proper court, to answer there for the offence charged.

In the sense in which bail for appearance at the next court is spoken of, the commissioner holds no court. He acts as an arresting, examining, and committing magistrate. It may seem to be a hardship—no doubt, it may often be, in fact, a great hardship—where, from circumstances wholly beyond the control either of the prosecutor or the accused, the examination consumes many days, that the accused is not entitled to demand a relief from actual custody, on tendering good security for due attendance from day to day; but a remedy for this must, I think, be sought in such legislation as has already been had in some of the states, whose example congress may deem it wise to follow. At present, I think a commissioner has no power to take such security, and that the recognizance sued upon in this action is void. The judgment must be affirmed.