State *v.* Lamoine.

STATE OF VERMONT *v.* LAMOINE AND E. R. HARD.

*Scire Facias. Recognizance. Gen. Sts. c.* 124, *s.* 12 (*R. L. s.* 1753.) *Gen. Sts. c.* 33, *ss.* 58, 59 (*R. L. s.* 1459.)

1. *Scire facias* will not lie upon a *recognizance* taken by a judge of the County Court of a person charged with crime *when such person has not been committed to jail for trial.*
2. The record of the recognizance must show that the accused was *committed to jail for trial* before the County Court *at the time the recognizance was taken;* and such fact cannot be proved by evidence *aliunde* the record.
3. The jurisdiction of a judge in taking a recognizance is statutory and special, *and exists only in the cases named in the statute.*
4. Method of bringing one charged with crime before a judge, *in vacation,* for recognizance, stated.
5. Gen. Sts. c. 124, s. 12 (R. L. s. 1753), as to taking a recognizance of a person committed to jail,—construed.
6. Gen. Sts. c. 33, ss. 58, 59 (R. L. s. 1459), commitment to jail,—construed.

THIS case was tried at the September Term, 1880, PIERPOINT, Ch. J., presiding.

*Scire facias* on a recognizance in a criminal cause. Pleas, *nul tiel* record, that no warrant for the arrest of the defendant Lamoine was issued ; that she was not arrested and brought before Chapman, Assistant Judge ; that defendants did not acknowledge themselves indebted to the plaintiff, and that they did not enter into a recognizance for the appearance of the female defendant to answer to the information in the declaration mentioned, *modo et forma,* &c. Trial by jury. The plaintiff offered in evidence the

State *v.* Lamoine.

information set forth in the declaration, to the admission of which the defendants objected, upon the ground that it was not correctly described and set forth in the declaration. The plaintiff put in evidence the warrant with the officer's return thereon ; the recognizance mentioned in the declaration ; the docket entries and the record in the case of *State* v. *Lamoine;* and the entries and records of the forfeiture of said recognizance mentioned in the declaration. To the admission of said docket entries the defendant seasonably objected ; not to the manner in which they were offered, but to their admission in any manner ; but the objection was overruled.

The defendants insisted that the evidence was not sufficient to entitle the plaintiff to recover, and requested the court to direct a verdict in their favor. The court refused to so order ; but instructed the jury that the plaintiff was entitled to recover upon the evidence. The warrant was signed by the county clerk, and is fully set out in the opinion.

*M. A. Bingham* and *H. S. Peck*, for the State.

*E. R. Hard*, for the defendants.

The opinion of the court was delivered by

Ross, J. This is *scire facias* upon a recognizance taken before a single judge of the County Court in vacation, in a criminal prosecution pending before the County Court. The jurisdiction of a judge of the County Court, or of a judge of the Supreme Court, to take such recognizance is conferred by statute, is special, and limited to those cases named in the statute. No intendment is to be made in favor of the jurisdiction of the tribunal in such cases ; but the jurisdiction must appear from the record itself. *Treasurer of Vermont* v. *Merrill et al.*, 14 Vt. 64 ; *State* v. *Smith*, 2 Me. 62 ; *Dodge* v. *Kellock*, 13 Me. 136 ; *Bridge* v. *Ford*, 4 Mass. 641 ; 7 Mass. 209 ; 9 Mass. 520 ; 1 Smith's Lead. Cases, 991–2 ; 2 Am. Lead. Cases, 633. The statute only confers the power upon such judge to take a recognizance of a " person committed to jail for trial before the County Court." Gen. Sts. chap. 124,

sec. 12.   It does not appear from the recognizance that the accused was committed to jail for trial before the County Court at the time the recognizance was taken.   The appearance of this fact in the record of the recognizance is essential to show that the judge had jurisdiction to take the same.   The existence of this fact (which the statute has made necessary to give the judge the right to take the recognizance,) cannot be shown by evidence *aliunde* the record.   But if it could be so shown, it is not claimed to have existed in this case.   But it is contended that on the information filed in the court and the warrant on which the arrest was made, the officer could have committed the accused to the jail for trial before the County Court, and inasmuch as the judge might have taken the recognizance after such commitment was made, his act in taking it before the commitment should not be held void.   It is a sufficient answer to this claim, that the statute has conferred jurisdiction upon a judge to take such recognizance only in cases where the accused is committed to jail for trial before the County Court.   The jurisdiction is statutory and special, and exists only in the cases named in the statute.   It is not for courts to enlarge the prescribed limits by judicial legislation. Neither is the claim that the warrant authorized the officer making the arrest to commit the accused to the jail well founded. The officer making the arrest was not authorized to proceed beyond the command of his precept.   That only authorized him to arrest the accused " and her have forthwith before the County Court, now sitting at Burlington, within and for said county of Chittenden, then and there to answer to such matters as shall then and there be objected to her in that behalf, and to be further dealt with as law and justice may require."   When the arrest was made the County Court was not in session, and he could not have her before said court.   He was not commanded to keep her safely, nor to detain her until said court should have another session.   It does not disclose that she is to answer any criminal information or indictment before that court, nor what she is wanted for.   If the officer had committed the accused on that warrant and left a copy thereof with the jailer, it would not have furnished him with any authority for detaining her.

State v. Lamoine.

Commitments to jail are regulated by statute. Gen. Sts. chap. 33, secs. 58 and 59. Sec. 58 relates to commitments on mesne process. Sec. 59 only authorizes an officer to make such commitment where he is required by law to do so. This warrant neither authorized nor required him to commit the accused to jail. It will not be claimed that the officer could be allowed to go outside the warrant and its legal effect to find authority to make such commitment. That would make him both judge and officer. The warrant is unlike most warrants issued in such cases. It only authorized the arrest and production of the accused before the court. When before the court on the information, the court could have ordered her to find bail in a sum named for her appearance from day to day and term to term, until the information was disposed of; and if she failed to procure such bail, have ordered her to be committed to jail for safe keeping, and the issuing of a warrant on the information for that purpose. But at the time of the arrest there was no court in session to make such orders. It is customary, when an arrest is to be made in vacation, to bring the accused before the County Court to answer an information or indictment there pending, to set out the charge against the accused in the warrant, and to command the arrest thereon and the safe keeping of the accused so that the officer have the accused before the court at its next regular session, to answer the charge therein set forth. On such a warrant the accused is informed of the charge he has to answer, and he may be committed to jail for safe keeping to make such answer until the term of the court named in the warrant.

On these views of the legal force and effect of the warrant and recognizance, it was the duty of the County Court to have complied with the request of the defendants and to have ordered a verdict in their behalf. These views render the consideration of the other questions raised in the case immaterial.

The respondents' exceptions are sustained ; the judgment of the County Court reversed ; the verdict set aside, and cause remanded for a new trial.