UNITED STATES *v.* BACKLAND.

(*Circuit Court, D. South Carolina.* December 12, 1887.)

RECOGNIZANCE—RELEASE OF SURETY.

The surety on a recognizance, the condition of which is that the defendant shall personally appear before the circuit court in April, 1887, to answer, etc., and to do and receive what shall be enjoined by the court, and not to depart the court without license, is discharged where the defendant appears, and the court takes no action whatever in the case, although an agreement is made between the defendant and the commissioner, for the benefit of the former, without the consent of the surety, that the case shall not be sent up until the April term, 1888.

Motion to Discharge the defendant Kressel, as the surety on a recognizance.

*H. A. De Saussure,* Asst. Dist. Atty., for the United States.

*J. P. K. Bryan,* for defendant.

SIMONTON, J. The defendant was brought before a commissioner of this court, charged with an offense against an act of congress. He waived an examination, and on twenty-ninth March, 1887, was bound over under recognizance, having F. Kressel, Jr., as his surety. The condition of the recognizance is, "if the said Backland shall personally appear before the circuit judges of the United States of America at the next circuit court of the United States for the district of South Carolina, to be held at the usual place of judicature in Charleston, on the first Monday of April next, then and there to answer," etc., "and to do and receive what shall be enjoined by the court, and not to depart the court without license." The circuit court met on the first Monday in April, 1887, and the grand jury was discharged. This case was not presented at that term; nor were the general orders taken as is usual. Mr. J. P. K. Bryan, of counsel for the defendant, says that he and his client were both in court when the grand jury were discharged. The next term of the circuit court began on fourth Monday in November, (this term.) The grand jury have been discharged. This case has not been presented. Mr. Bryan says that he has been represented in court during this term.

A motion is now made for the discharge of the surety on this bond. Evidence has been offered and admitted, subject to exception, going to show that there was an understanding between the defendant Backland and the commissioner, for the convenience of the former, that the case should not be sent up until April term, 1888. If this understanding was made before the recognizance was executed, evidence of it cannot be admitted to vary or contradict the written contract. If it were made after the recognizance was signed, there is no evidence that Kressel was present, or that he assented to it. Although a recognizance is peculiar in some respects, it is governed by the rules governing contracts, in this, at least: "Any change in the contract made by the principal parties to it, without the consent of the sureties, will discharge the latter." *Reese* v. *U. S.*, 9 Wall. 13. The contract here was that Backland should be and appear before the circuit court in April next, to answer, etc., "and to do and receive what shall be enjoined by the court, and not to depart the court without license." He did appear. The court took no action whatever with regard to the case.

In *Swank* v. *State*, 3 Ohio St. 433, it is held that when a defendant is bound over for trial, and appears at the trial term, although the cause be continued on his motion, the surety on his recognizance is discharged, and a new bond should be taken. *Keefhaver* v. *Com.*, 2 Pa. St. 241, is quoted, and sustains the position. 1 Bish. Crim. Proc. 264*g*, states the same doctrine as supported by abundant authority. But he says that the rule varies in the different states. In South Carolina this is not the practice. *State* v. *Haskett*, Riley, 97. At the end of the term certain general orders are passed, and among these one providing "that all recognizances which have not been specially discharged be continued over to the next regular term." This is also the practice of the courts of the United States in this district. Had this been done here, there would be little question. The practice seems to be justified by the terms of the recognizance, "to do and receive what shall be enjoined by the court." It was not done. Under the circumstances, this case is disposed of by the ruling in *Reese* v. *U. S.*, *supra*. The condition of a recognizance providing for the appearance of a defendant at the next regular term, and at any subsequent term, an agreement between the district attorney and the accused, superseding the condition of the bond, without the consent of the surety, will discharge the latter. Let the surety in this case be discharged. No conclusion shall be drawn respecting the principal.