UNITED STATES v. KEIVER.

(Circuit Court, W. D. Wisconsin. June 5, 1893.)

1. BAIL—OBLIGATION OF SURETY—SURVIVAL.
    The obligation of a surety on a bail bond is a continuing one, and binds his estate after his death.

**2. SAME—ACTION ON BOND—COMPLAINT.**

In an action on a bail bond, a complaint which fails to allege that criminal proceedings had been commenced against the principal, or that an examination was had before a qualified officer, whereupon reasonable cause appeared for believing him guilty, or that he was held to bail, or required to put in bail by anybody, is fatally defective.

**3. SAME—OFFENSE AGAINST UNITED STATES—FORM OF BOND.**

Rev. St. § 1014, provides that offenders against the laws of the United States may be admitted to bail, "agreeably to the usual mode of process against offenders in the state" wherein the proceedings are had. Rev. St. Wis. § 4808, provides that a person giving bail shall enter into recognizance "for his appearance at the next term of the circuit court of the county." Section 4810 provides that he may, "at his option, give bail either for his appearance at the then pending or next regular term thereof, or for his appearance at such term, and from term to term thereafter." *Held*, that a bond for his appearance at a special term of the United States district court not then called, which is afterwards called at a different time from that named in the bond, and after two regular terms have elapsed at which he might have been tried, is void.

At Law. On demurrer to complaint. Action by the United States against Margaret Keiver, as administrator of the estate of Joseph H. Keiver, deceased. Demurrer sustained.

Samuel A. Harper, U. S. Atty.

Scott & Remington, for defendant.

BUNN, District Judge. This is an action upon a penal bond given by Albert A. Cadwallader as principal and Joseph H. Keiver as his surety for the appearance of said Cadwallader at a special term of the United States district court to be held at the city of Madison on the 21st day of June, A. D. 1892, and also before said district court, from term to term thereof, to answer any indictment that might be found against said Cadwallader for violation of section 5209, Rev. St. U. S., on the charge of embezzling, abstracting, and willfully misapplying the moneys, credits, and funds of the Superior Bank of the City of Superior. The defendant made default, and the bond was declared forfeited on January 10, 1893. Since the execution of the bond Joseph H. Keiver died, and the suit is brought against Margaret Keiver, as administratrix of his estate.

There is a demurrer put in by the defendant assigning various reasons why the action cannot be maintained. Among others, it is claimed that the action does not survive, and so cannot be maintained against the estate of the surety upon the bond. This ground is not well chosen. The action is on contract. The purpose of the obligation is to secure the appearance of the principal to answer to a criminal charge. The defendant, instead of going to jail, and being kept in the custody of the marshal, is delivered over to the safe-keeping of the surety who undertakes to have him in attendance to answer any indictment that may be found, and also to have him in attendance at any subsequent term of the court to answer to his trial. Such obligations would be of but little force and service if they did not survive the death of the surety. It is a continuing obligation and binds the estate of the obligor upon his death.

But there are two objections to the sufficiency of the complaint that, in the judgment of the court, are well taken:

(1) The complaint does not anywhere show the occasion for the taking of the bond, does not allege that any criminal proceedings had been commenced or were pending against Cadwallader, that any examination had been had before any officer qualified by law to hold an examination or admit to bail, nor that upon any such examination or otherwise it was held or adjudged that there was probable cause for believing the defendant guilty, or that he was held to bail or required to put in bail by anybody. For aught that appears in the complaint, the giving bail was a voluntary proceeding. This will not do. It should appear that the bond was given in a pending legal proceeding against the prisoner, before an officer having jurisdiction, and qualified to hold examinations and admit to bail, and under circumstances where it was proper to require bail to be given, or, in default thereof, to commit to jail. The jurisdiction to hold to bail is statutory and special, and exists only in the cases named in the statute, and the particular facts bringing the case within the statute should appear to have existed. People v. Koeber, 7 Hill, (N. Y.) 39; People v. Young, Id. 44; Vose v. Deane, 7 Mass. 280; People v. Brown, 23 Wend. 49; Andress v. State, 3 Blackf. 108; State v. Lamoine, 53 Vt. 568; Treasurer v. Merrill, 14 Vt. 64; Dickinson v. State, (Neb.) 29 N. W. Rep. 184.

(2) The bond in suit was made returnable at a special term, not then called, and which, when called, was called at a different term than that named in the bond, and after the elapse of two regular and general terms of the court, at which the prisoner may have been tried, and to which the bond might and should have been made returnable, according to the statute. This objection is fatal, and cannot be cured by amendment, as the facts are no doubt correctly alleged as they appear of record. Section 4808, Rev. St. Wis., provides that—

"Any person who is arrested by virtue of a warrant charging him with a bailable offense which the court or officers before whom such warrant is returnable has no jurisdiction to try, may waive an examination thereon, and, except in cases of murder, enter into recognizance, with sufficient sureties, to be approved by such officer, for his appearance at the next term of the circuit court of the county, and such defendant shall thereupon be discharged."

And section 4810 provides that—

"Whenever any person charged with a criminal offense shall be admitted to bail for his appearance at the circuit court to answer the same, he may, at his option, give bail either for his appearance at the then pending or next regular term thereof, or for his appearance at such term, and from term to term thereafter until discharged by law."

Congress has never undertaken to regulate by statute the process or mode of requiring bail in criminal cases, but, as in most matters of legal procedure, refers such process to the mode prescribed by the statute of the state where the court sits. Section 1014, Rev. St. U. S., provides that—

"For any crime or offense against the United States the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense."

This statute evidently refers the details of the proceeding to the state statute, and it is by that law that we must determine their regularity and validity. Under this statute, which is taken from the original judiciary act of September 24, 1789, (1 Stat. 91,) it was held by Judge Curtis in U. S. v. Rundlett, 2 Curt. 41, that it was the intention of congress by the words "agreeably to the usual mode of process against offenders in such state" to assimilate all the proceedings for holding accused persons to answer before a court of the United States to the proceedings had for similar purposes by the laws of the state where the proceedings should take place; and that the prisoner is not only to be arrested and imprisoned, but bailed, agreeably to the usual mode of process in the state court. This decision has been recognized and followed in later cases. See U. S. v. Horton's Sureties, 2 Dill. 94; U. S. v. Case, 8 Blatchf. 250. In the first of these cases, decided by Judge Dillon, where the statute of Missouri provided for the adjournment of an examination for a period not exceeding 10 days at one time, and the commissioner, at the prisoner's request, had continued the examination for 19 days, and taken bail for his appearance at the end of that time, and the bail having been forfeited, it was held that the commissioner's order for the appearance of the accused was contrary to law, and that the recognizance was void. And in the latter case, decided by Judge Woodruff, it was held that in New York, where state magistrates have no power to take recognizances, United States commissioners have no such authority, and that a bond conditioned for the appearance of the accused before the commissioner on a future day to which the proceeding was adjourned was void.

In the case at bar, as a matter of fact appearing of record, though this does not appear in the complaint upon the bond, Cadwallader was arrested and taken before a United States court commissioner at Superior on April 29, 1892, and had an examination or waived an examination, and by the commissioner was held to bail, and thereupon the bond in suit was given on that day. The regular December term of the United States circuit and district court appointed by act of congress to be held at Madison on the first Tuesday of December in each year was then in session, and did not adjourn until June 6, 1892. A grand jury was in attendance on the court, and returned a bill of indictment against Cadwallader during that term, on May 26, 1892. The next term regularly appointed by law to be held was held at Eau Claire on the first Tuesday, being the 7th day of June, 1893. A trial jury was in attendance on that term, and the prisoner might have been tried

at that term. The bond required the defendant to appear at a special term to be holden at Madison on June 21, 1892. No such term was appointed by law to be held. One might be called or not, in the discretion of the judges of the circuit and district courts. None had been called on 29th April, 1892, when the bond was taken, nor was called until May 17, 1892. When it was called it was called for the 14th of June, 1892, instead of June 21st. Now, the time at which the prisoner should be required to give bail to appear is either regulated by statute, or must rest wholly in the discretion of the examining magistrate. And if he can pass over two general terms of the court at which the prisoner might be tried, there is no reason why he might not pass over three or any number of terms. But I take it the statute is the measure of authority for holding to bail, and that, when the magistrate transcends that, he is without jurisdiction. Upon giving bail, the prisoner is handed over to the surety, in the place of being held in custody by the sheriff. The necessity for limitation in case of admitting to bail is the same as in committing to prison for the want of bail, and the right or privilege in the one case can no more be waived than in the other. The bail have the custody of the principal, and may take him at any time or in any place. His dwelling is no longer his castle, as against the right of the sureties, but may be entered at any time of day or night, and on a Sunday as well as on a week day. If it were optional with the prisoner to be committed to await his trial at the pending term or at the next regular term, it would be quite apparent that he could not waive that right, and be committed to await trial at some subsequent term of the court. At common law the prisoner, when let to bail, was required to appear at the next term at which he could be tried. 4 Bl. Comm. 296. The statute takes the place of the common law on the subject, and requires bail to be taken for the appearance of the accused at his option, either at the then pending term or the next regular term.

In People v. Mack, 1 Parker, Crim. R. 567, the defendant was brought before a justice of the peace of Poughkeepsie county on a charge of larceny. After an examination, the justice, deciding that there was probable cause to believe the accused guilty, required him to give bail for his appearance at the next court of oyer and terminer to be held in Duchess county, and such a recognizance was given. The New York statute authorized the magistrate taking the examination to require the prosecution and all the material witnesses against the prisoner to enter into a recognizance to appear and testify at the next court having cognizance of the offense, and in which the prisoner might be indicted. The court in Duchess county was to sit in June, 1854. But it appeared that there was another term at which the prisoner could have been tried appointed to be held in Poughkeepsie county in May of the same year. The court held the recognizance void, although there was no positive provision of the statute to the effect that the recognizance must be returnable at the first term at which the prisoner could be tried. The court said it would be absurd to require the witnesses to attend at one court and the prisoner at another, and that both by common

law and necessary intendment of the statute the bond should have required the prisoner to appear at the first session of the court at which he might be tried. This defect in the bond and complaint being fatal to the case, the demurrer is sustained, and judgment must go in favor of the defendant.