UNITED STATES, Plff.,

*v.*

A. QUINTANA REYES, Dft.

---

San Juan, Criminal, No. 394.

The jury having found defendant guilty, and the court having fixed a day for pronouncing judgment, the defendant failed to appear. Held, that as the bond provided that the accused should appear whenever called upon to answer the indictment, and should abide by the orders of the court until final adjudication, his sureties were bound to pay the amount of the bond.

Opinion filed January 25, 1908.

---

*Mr. José R. F. Savage,* United States attorney for the United States.

*Mr. Francis H. Dexter* and *Mr. Rafael Guillermety,* attorneys for bondsmen.

RODEY, Judge, delivered the following opinion:

This matter is before us on a motion of the sureties on an

appearance bond to quash the execution issued against them on
a forfeiture of the bond, because of the disapperaance of the
defendant after a verdict of guilty against him, and before
sentence was pronounced.

Counsel for the defendant filed a carefully prepared brief
before us in the premises, to which we have given our best at-
tention.  This brief was fully replied to by the United States
attorney, who also filed a carefully prepared brief in that behalf,
to which we have, in like manner, given our best attention.
This latter brief takes up seriatim the brief of counsel for de-
fendant, point by point, and replies thereto, and is, on the whole,
such a fair statement of the whole controversy, that we here
adopt it as our own, and, for the reasons given in the same, the
motion to quash the execution will be and it hereby is overruled.

The brief and argument is as follows:

Brief and Opposition to Motion of Sureties to Quash Execu-
    tion. Issued Herein on Account of the Disappearance of
    the Defendant.

The bond for the appearance of the defendant contains the
following conditions:

"Now the conditions of this obligation are such that, if the
said A. Quintana Reyes shall duly appear before the district
court of the United States for the district aforesaid, whenever
called upon so to do by the said court in Porto Rico, then and
there to answer to a certain indictment duly preferred against
him, the said A. Quintana Reyes, and shall duly abide by any
and all orders said court may make in this behalf, attending
the sessions of said court from day to day thereafter until the
final adjudication of said case, then and in that event, this ob-

ligation to be void, otherwise to remain in full force and effect."

## I.

The condition of the bond was not complied with by the appearance of the defendant in court, remaining in court during the trial of the case, being present until the verdict of "Guilty" was rendered, and being permitted to leave the court room by the court, of its own accord.

By a comparison with the first point in the brief filed herein on behalf of the sureties a material difference in the statement of the facts will be noted. For the convenience of the court the language employed by counsel for the sureties is here set forth as follows: "According to the terms of the bond, the conditions thereof were complied with by the appearance of the defendant in court, and his placing himself in the custody of the officers thereof, remaining in the court under the custody of its said officers during the trial of the case" etc., as stated above.

The defendant did appear at the time set for the trial of his case, but was never surrendered to the court by his sureties, nor placed in the custody of the marshal of this court. His attendance during the trial was under, and in pursuance of, the terms of his bond, and the only persons responsible for his appearance from the date of the execution of the bond to the present time have been, and still are, his sureties.

The bond contains not one condition, but three: (1) To appear and answer a certain indictment preferred against the defendant; (2) to duly abide by any and all orders of the court in this behalf; and (3) to attend the sessions of the court from day to day thereafter, until the final adjudication of said case.

"A recognizance, in general, binds to three things: 1st, to appear to answer either to a specified charge, or to such matters as may be objected; 2d, to stand to and abide the judgment of the court; and 3d, not to depart without leave of the court; and each of these particulars is distinct and independent. The party is not to depart until discharged, although no indictment should be found against him, or although he be tried and found not guilty by a jury.". State v. Stout, 11 N. J. L. 124; 5 American Dig. Century ed. 2360.

The forfeiture was declared because the defendant broke two of the conditions of the bond. He failed to obey the explicit order of the. court to appear at a. certain time and place for sentence; and he failed to attend the sessions of the court from day to day, after appearing to answer the indictment, and until the final adjudication of said case.

## II.

The risk incurred by the sureties was not increased and varied without their knowledge and consent by reason of the order of the court permitting the defendant to leave the court after the verdict of "Guilty."

Again attention must be called to the statement of facts as set forth in brief for the sureties, the part objected to being underlined in the following quotation: "The risk . . . was increased and varied by reason of the order of the court, permitting the defendant to leave the court *and the custody of the officers thereof* after the verdict of 'guilty.' "

As already herein set forth, the defendant has never been in the custody of the officers of this court, in the sense intended

to be conveyed by the foregoing quotation, but has always remained in the custody of the sureties on his bond.

The statutes of the United States do not provide as to the terms and form of a bond to be given by a defendant in a criminal case other than as provided in § 1014 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 716), which reads as follows: "For any crime or offense against the United States, the offender may by any justice or judge of the United States, . . . or other magistrate, of any state where he may be found, and agreeably to the usual mode of process against offenders in such state and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense."

This section was construed by the circuit court of the United States for the western district of Wisconsin as follows: "This statute evidently refers the details of the proceeding to the state statute, and it is by that law that we must determine their regularity and validity. Under this statute, which is taken from the original judiciary act of September 24, 1789 (1 Stat. at L. 91, chap 20), it was held by Judge Curtis in United States v. Rundlett, 2 Curt. 41, Fed. Cas. No. 16,208, that it was the intention of Congress by the words 'agreeably to the usual mode of process against offenders in such state' to assimilate all the proceedings for holding accused persons to answer before a court of the United States to the proceedings had for similar purposes by the laws of the state where the proceedings should take place; and that the prisoner is not only to be arrested and imprisoned, but bailed, agreeably to the usual mode of process in the state court. This decision has been recognized and followed in later cases. See United States v. Horton, 2 Dill. 94,

United States v. Reyes.

Fed. Cas. No. 15,393; United States v. Case, 8 Blatchf. 250, Fed. Cas. No. 14,742." United States v. Keiver, 56 Fed. 422, 425.

The Code of Criminal Procedure of Porto Rico provides fully as to the terms and form of the bond to be taken after information (there is no procedure by indictment) filed. Section 385 of said Code provides as follows: "The bail must be a written undertaking, executed by two sufficient sureties (with or without the defendant, in the discretion of the court of justice), and acknowledged before the court of justice in sustantially the following form:

"An information having been filed on the............day of .......... A. D. nineteen ......... in the district court of the district of ........ charging ........ with the crime of ........ (designating it generally) and he having been admitted to bail in the sum of ........ dollars, we ........ and ......... of ......... (stating their place of residence and occupation) hereby undertake that the above named ........ will appear and answer the information above mentioned, in whatever court it may be prosecuted, and will at all times render himself amenable to the orders and process of the court, and, if convicted, will appear for judgment and render himself in execution thereof, or, if he fails to perform either of these conditions, that we will pay to the people of Porto Rico the sum of ........ dollars (inserting the sum in which the defendant is admitted to bail)."

The undertaking executed by the sureties in this case is substantially in the form of the foregoing form. It provides that the defendant shall attend the sessions of the court from day to day thereafter (appearing to answer the indictment) until the final adjudication of said case.

United States v. Reyes.

The one question to be determined in this case is the real meaning of the words "the final adjudication of said case."

"Adjudication" is defined by Bouvier as follows: "In practice. A judgment, giving or pronouncing judgment in a case."

It is also defined: "A solemn or deliberate determination by the judicial power; the act of giving judgment. To adjudicate is to determine, in the exercise of judicial power. Street v. Benner, 20 Fla. 700, 713; Irwin v. United States, 23 Ct. Cl. 149, 154." 1 Cyc. Law & Proc. p. 795.

In view of the foregoing definitions, the adjudication in a criminal case has not been made when the jury brings in its verdict, whether it be "guilty" or "not guilty;" it is only made when the court or the judge pronounces sentence, in the one case, or orders the discharge of the prisoner, in the other.

The Code of Criminal Procedure of Porto Rico provides for judgment in criminal cases by section 309, as follows: "After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment be not arrested or a new trial granted, the court must appoint a time for pronouncing judgment, which, in cases of felony, must be at least two days after the verdict, if the court intend to remain in session so long; but, if not, then at as remote a time as can reasonably be allowed."

A surety in the courts of Porto Rico on a bond executed in accordance with the provisions of law above set forth is liable for the apearance of his principal after verdict for at least two days in every felony case, where the prisoner is admitted to bail, unless the sureties, in the form provided by law, expressly surrender their principal; and in this connection it might be well to cite at this place § 1018 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 719), which

III. PORTO RICO—20.

United States v. Reyes.

provides: "Any party charged with a criminal offense and admitted to bail may, in vacation, be arrested by his bail, and delivered to the marshal or his deputy, before any judge or other officer having power to commit for such offense; and, at the request of such bail, the judge or other officer shall recommit the party so arrested to the custody of the marshal, and indorse on the recognizance, or certified copy thereof, the discharge and *exoneratur* of such bail, and the party so committed shall therefrom be held in custody until discharged by due course of law."

Similar provisions are contained in the Code of Criminal Procedure of Porto Rico, § § 393 to 395 inclusive.

It cannot be claimed by the sureties in this case that any such formal surrender of their principal was ever made by them or either of them; and therefore the order of the court that the defendant appear on a certain day and at a certain time and place to hear the sentence of the court was an order within the terms of the bond herein, and on which the sureties were liable for the failure of their principal to appear in obedience to such order.

## III.

Similar provisions in other cases have been held to bind the sureties for the appearance of the defendant after verdict and before sentence.

"There is a legal requirement for appearance after conviction, where the conditions of the bond or recognizance are either not to depart without leave of court, or to abide the order and judgment of the court, or both, or that accused shall render himself in execution."

"The sureties are not released where there is a departure without leave, after verdict, but before judgment or sentence

(Glasgow v. State, 41 Kan. 333, 21 Pac. 253) ; nor, where accused, after being found guilty, disappears (State v. Norment, 12 La. 511) ; nor where defendant so departs after conviction, but before sentence (Boring v. Com. [Pa.] 4 Atl. 738; Magie's Appeal, 1 Sadler's [Pa.] 496, 4 Atl. 737)." 5 Cyc. Law & Proc. p. 122, and cases cited.

## IV.

The cases cited in the brief submitted on behalf of the sureties herein differ materially, as to their facts, from the case at bar. .

The first case cited in the brief of counsel for the sureties herein (Reese v. United States, 9 Wall. 13, 19 L. ed. 541), while stating the general principles applying to recognizances of this kind, provides ( as stated in counsel's brief) that "where the government has consented that a defendant in a criminal action might depart out of the territory of the United States to a foreign country, beyond the reach of his bail, and remain abroad for an indefinite period, without the concurrence or even knowledge of the sureties, they are released." Obviously this is nothing like the case at bar.

The second case (United States v. Backland, 33 Fed. 156) was one in which the defendant, after giving bond for his appearance, did appear, but the court took no action and made no order, the defendant and the United States Commissioner entering into an agreement, without the consent of the surety, that the case should not be sent up until a subsequent term of the court.

The third case was one wherein an order was entered delivering the defendant into the custody of the sheriff, and the court

thereafter ordered his release without the application or knowledge of the sureties.

The fourth case was one wherein the bond was conditioned for the appearance before the court "at its next term, to answer certain charges brought against him, and should not depart without leave of the court until the final trial and conviction or acquittal of the accused;" and the case holds that the responsibility of the surety was at an end when a verdict of guilty was returned into court. It is most respectfully submitted that the wording of the bond in the case at bar is by no means the same as that set forth in this case cited by the counsel for the sureties.

The last case is one wherein it is held that when the defendant appears, pleads guilty, and is fined, the bond cannot be forfeited for a failure to thereafter appear to answer the sentence.

None of these cases relate to a bond conditioned as is the one in the case at bar. It is therefore respectfully submitted that the matter herein must be denied.