JAMES M. KENT v. L. D. MILES.

WASHINGTON COUNTY, 1893.

Before: Ross, Ch. J., Rowell, Munson, and Start, JJ.

*Pleading. Justification by officer under warrant. In what
county bail should be taken.*

1.  A demurrer, though special, reaches the first substantial defect in the pleadings.

2.  Where an officer under a warrant from the county court commanding him to arrest the respondent and have him before that court forthwith, arrests the respondent, brings him to the place of holding such court but finds the court not in session, he may detain the respondent a reasonable time until he can ascertain whether it is possible to deliver him into court, and may lodge him in jail meantime for safe keeping.

3.  An officer cannot justify under a returnable process which has never been returned, but if the plea of justification alleges that the facts in reference to the issuance and service of a warrant more fully appear from the record and proceedings in the office to which the warrant should have been returned, that is an argumentative allegation that it has been so returned.

4.  A special demurrer to the replication is general as to the plea and does not reach argumentativeness in the plea.

5.  The action being trespass for false imprisonment and the plea a justification under a warrant commanding the defendant to have the plaintiff before the county court forthwith, a replication that the defendant delayed service of the warrant until such court adjourned, is bad, at least unless it alleges such facts as show an abuse of process.

6.  A respondent when arrested upon a county court warrant, should be brought before the court issuing the warrant to

determine the amount of bail. No other court has any jurisdiction of the case.

7. A replication which is in substance a general traverse of the plea, cannot be treated as a new assignment.

Trespass for false imprisonment. Pleas, the general issue and special plea of justification. Heard at the March term, 1893, TAFT, J., presiding, upon the defendant's demurrer to the plaintiff's replication. Demurrer sustained and exceptions by the plaintiff.

The declaration alleged that the defendant, at Montpelier, in the county of Washington, arrested the plaintiff, compelled him to go to Newport, in the county of Orleans, and there imprisoned him for six months all without right.

The defendant filed the following plea:

" And for a further plea in this behalf, as to the assaulting, seizing, beating, bruising, ill-treating, and forcing and compelling the said plaintiff to go on divers public highways and by rail from Montpelier to Newport aforesaid, imprisoning, keeping and detaining the said plaintiff in prison in the said declaration mentioned by the said defendant above supposed to have been done, the said defendant, by leave of the court here for this purpose first had and obtained, according to the form of the statute in such case made and provided, says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him, because he says that before the said time when, etc., in the said declaration mentioned, to wit: At a term of the county court, begun and held at Newport, within and for the county of Orleans aforesaid, on the first Wednesday next after the first Tuesday of September, A. D. 1887, the grand jurors within and for the body of the county of Orleans aforesaid, then in court duly empaneled and sworn, did duly find a bill of indictment for the crime of perjury against the said plaintiff, which said bill of indictment was afterwards and during said term of court duly returned into and exhibited to said county court which said court was in open session, on to wit: the 14th day of September, A. D. 1887, and the said indictment was then and there duly filed by the clerk of said court and thereupon, to wit: on the said 14th day of September, A. D.

1887, the said court by its said clerk issued its warrant, directed to any sheriff or constable in the State, by which said warrant said sheriff or constable was therein commanded to apprehend the body of the said plaintiff and have him forthwith to appear before the county court in and for said county at Newport, Vermont, to answer to a complaint charging said plaintiff with the crime of perjury, and which said warrant afterwards and before the return thereof and also before the said time when, etc., to wit: on the 5th day of October, A. D. 1887, at Newport, aforesaid, was delivered to the said L. D. Miles, defendant, who then and from thenceforth until and at, and after the return of said warrant, was sheriff of the said county of Orleans, to be executed in due form of law, by virtue of which said warrant the said defendant, as such sheriff as aforesaid, afterwards and to wit: at the said time when, etc., in the said declaration mentioned, to wit: at Montpelier, aforesaid, took and arrested the said plaintiff and forthwith transported said plaintiff to Newport, aforesaid, as directed and commanded in said warrant, and there had him ready to appear in said court; and said court then and there not being in session, the said defendant then and there kept and detained the said plaintiff in the possession of him, the said defendant, using no more force than was necessary for his safe detention for a short space of time, for the purpose of having him, the said plaintiff, appear before said county court, as commanded in said warrant; all of which by the record and proceedings thereof now in the office of the clerk of said court, at Newport, aforesaid, will more fully appear, which are the said assaulting, seizing, beating, bruising, ill-treating and forcing and compelling the said plaintiff to go on divers public highways and by rail from Montpelier to Newport, aforesaid, imprisoning, keeping and detaining the said plaintiff in prison, in the introductory part of this plea mentioned; and which are the said supposed trespasses whereof the said plaintiff hath above complained in his said declaration against said defendant."

To this plea the plaintiff replied as follows:

" And the said plaintiff, as to the plea of the said defendant by him (secondly) above pleaded, as to the said several trespasses in the introductory part of that plea mentioned,

and therein attempted to be justified, saith that the said plaintiff, by reason of anything by the said defendant in that plea alleged, ought not to be barred from having and maintaining his aforesaid action thereof against the defendant because the plaintiff says that the supposed warrant in the defendant's said plea mentioned was issued and given the defendant to serve while the county court was in session at Newport, aforesaid, and in time so the plaintiff could have been brought before the court prior to its adjournment, but it was designed by the defendant not to serve said warrant till after said court had adjourned, so that the plaintiff would have to be committed to jail; that the alleged warrant was dated on the 14th day of September, 1887, and kept by the defendant without service until the 5th day of October, 1887, when said plaintiff was taken to Newport by the defendant as in said declaration mentioned, and without bringing the plaintiff before the court as commanded in said alleged warrant, and without permitting the plaintiff to procure and furnish bail as he had the right to do, the defendant transported the plaintiff to Newport and committed him to jail at said Newport and there detained him, the said plaintiff, for a space of time, to wit: one day, when, then and there on the said 7th day of October, 1887, at Newport, aforesaid, the defendant, on his own motion, and without an order or authority from the said county court, discharged the plaintiff from said supposed arrest, but wrongfully, without authority and against the will and protest of the plaintiff, continued to detain him, the plaintiff, in said jail at Newport, aforesaid, for a long space of time, to wit: one month, and at the time the said defendant made the supposed arrest of the plaintiff at Montpelier, in the county of Washington, as mentioned in his said plea, there was in the town of Montpelier, in the county of Washington (the county where said arrest was made), a good and sufficient jail to which the plaintiff should have been committed by the defendant. And the plaintiff says that at the time of said arrest of the plaintiff mentioned in said defendant's said plea, the Washington county court was in session in Montpelier, in the county of Washington (in the county where said arrest was made), presided over by a judge of the Supreme Court of Vermont, and by two assistant judges, the defendant, though requested so to do, refused the plaintiff's application to go before said court or one of

the judges thereof, and furnish bail for his appearance at the next term of Orleans county court, and the defendant, against the protest and objection of the plaintiff, conveyed and transported the said plaintiff from Montpelier in the county of Washington, to Newport in the county of Orleans, and detained him there against his will for a long space of time, to wit: one month, and disregarded the plaintiff's right to have his bail fixed and furnished at Montpelier, aforesaid, for his, the plaintiff's, appearance at the said Orleans county court at the next term thereof, and the defendant, of his own wrong, made the said assault in the declaration mentioned upon the plaintiff and transported him from Montpelier, aforesaid, in Washington county, to Newport in the county of Orleans, and detained him without bringing him, the plaintiff, into said court at Newport, and the defendant at the said time when, etc., in the declaration mentioned, of his own wrong, committed the said several trespasses in the introductory part of the said plea mentioned in manner and form as the plaintiff in his declaration has alleged, and this he is ready to verify."

To the foregoing replication the defendant demurred specially.

*T. J. Deavitt* and *J. P. Lamson* for the plaintiff.

After the adjournment of court, the return day had passed and the warrant was void. *State* v. *Lamoine*, 53 Vt. 568.

There being no allegation that the warrant was ever returned, the defendant cannot justify under it. *Wright* v. *Marvin*, 59 Vt. 442 ; *Ellis* v. *Cleveland*, 54 Vt. 437.

The commitment should have been in Washington county, where the arrest was made. R. L. s. 1,459; *Clayton* v. *Scott*, 45 Vt. 386.

*W. W. Miles* for the defendant.

The defendant was bound to follow the command of his precept and produce the plaintiff at Newport. He could not commit him in Washington county. *State* v. *Clark*, 44 Vt.

636; 4 Blacks. Com. 290; No. 65, Acts 1888; *State* v. *La-moine,* 53 Vt. 568.

The opinion of the court was delivered by

ROSS, Ch. J.   The county court sustained the defendant's demurrer to the plaintiff's replication.   To this the plaintiff excepted.  The plaintiff now contends that if his replication is defective, it is a sufficient answer to the defendant's plea, which he claims is insufficient in several particulars.   The demurrer, though special, reaches the first defect in substance in pleading.   The declaration is trespass for false imprisonment.   The plea, both in the opening and closing, professes to justify every specification of trespass laid in the declaration.   It alleges that the defendant was sheriff of Orleans county, and as such, received from the Orleans county court, then in session, a warrant commanding him to arrest, and have the defendant forthwith before the county court then in session, to answer to an indictment then pending, charging him with having committed the crime of perjury; that as such sheriff he served the warrant by arresting the defendant at Montpelier in the county of Washington, on the day named in the declaration, and took him to Newport to have him before the Orleans county court to answer the indictment, as required by the warrant; that the court not then being in session, he then and there kept and detained him for a short space of time, using no more force than was necessary for his safe detention, for the purpose of having him appear before the county court as commanded in the warrant; " all of which, by the record and proceedings thereof now in the office of the clerk of the court at Newport, will more fully appear; which are the said assaulting, seizing, beating, ill-treating, and forcing and compelling the plaintiff to go on divers public highways and by rail from Montpelier to Newport, imprisoning, keeping and detaining

the plaintiff in prison, in the introductory part of the plea mentioned, and which are the supposed trespasses whereof the plaintiff hath complained in his declaration against the defendant." This is the substance of the plea. Neither the declaration alleges, nor the plea admits, that the defendant imprisoned the plaintiff by committing him to jail. If the warrant, as is inferable, only commanded the defendant to arrest the plaintiff and bring him before the county court to answer the indictment pending against him, neither the declaration nor the plea allege that he went beyond the command of the warrant. He might be obliged to keep him in some safe place over night, and while he was ascertaining whether the court would again be in session to receive the plaintiff. Hence the defendant might have rightfully imprisoned the plaintiff as alleged in the declaration, and as asserted in the plea, by virtue of warrant. He could not go beyond the fair scope of the command of his warrant. *State* v. *Lamoine*, 53 Vt. 568. On arriving at Newport with the plaintiff, and not finding the court in session, the defendant would have the right to detain him a reasonable time to ascertain and determine whether he should be able to deliver him to the court. The court might be taking a recess and would shortly again be in session. The plea is a full answer to the declaration, though it states the time of imprisonment to be shorter than it is stated in the former, inasmuch as it says that the imprisonment it describes is the same imprisonment set forth in the declaration.

The plaintiff further contends that there can be no justification under a returnable process unless its return is alleged. This contention is correct. *Wright* v. *Marvin*, 59 Vt. 439; *Ellis* v. *Cleveland*, 54 Vt. 437. As to the plea, the demurrer is general and does not reach argumentativeness in statement. 1 Ch. Pl. 540. *Spencer* v. *Southwick*, 9 Johns. 314. The plea alleges that his proceedings on the warrant will appear from the record thereof in the office of the clerk of

the court.    This is inferentially and argumentatively alleg-
ing that defendant did return his warrant.    Hence the plea
in bar has the substance of a good justification and will avail
when encountered by a general demurrer only.

We think the county court correctly adjudged the replica-
tion insufficient.    What it avers about the defendant design-
edly retaining  the  warrant  in  his  hands  so  that  he
could not reach Newport with the plaintiff until after the
court adjourned, would be available in an action on the case.
If available in trespass, the plaintiff should have set forth
such facts as would render the defendant liable for an abuse
of the process, under a new assignment, for it is doubtful if
the plea was intended to justify a trespass arising from an
abuse of the process, and as to that kind of trespass the plea
can be fairly said to be evasive.    What it alleges in regard
to the duty of the defendant to have taken him before the
county court in Washington county to have his bail fixed,
and in regard to committing him to the Washington county
jail, is not law.    The Washington county court had no ju-
risdiction of the crime with which the plaintiff was charged
and no power to fix or take bail for the plaintiff's appearance
before the Orleans county court.    The latter had the right
to issue the warrant it did to have the plaintiff brought before
it to answer the indictment there pending against him at
common law.    Says Mr. Blackstone, Vol. 4 Com. 290: "A
warrant may be granted in extraordinary cases by the privy
council or Secretaries of State; but ordinarily by justices of
the peace.    This they may do in any cases when they have
a jurisdiction over the offence; in order to compel the per-
son accused to appear before them; for it would be absurd
to give them power to examine an offender unless they had
also power to compel him to attend and submit to such ex-
amination, and this extends undoubtedly to all treasons, fel-
onies and breaches of the peace; and also to all such of-
fences as they have power to punish by statute."    This com-

mon law right of magistrates and courts has never been curtailed or taken away by statute, but has been exercised in this State from time immemorial. There is left of the replication only the allegation that the defendant discharged the plaintiff from arrest and then detained him. This is not in form or substance a new assignment of another and different trespass from those set forth in the declaration and justified by the plea. 1 Chitty Pl. 625 *et sequiter.* The plaintiff might have newly assigned for the alleged detention after the defendant had discharged him from arrest under the warrant. 1 Chitty Pl. 627. But instead, he has in substance denied that the defendant's claimed justification covers all the trespasses he has set forth in his declaration. In substance this is a traverse of the plea in the form of a replication, and demurrable. 1 Chitty Pl. 527. It is one of the special causes set forth in the demurrer. The replication is not double, as claimed by the defendant, inasmuch as the matters therein, other than that the defendant discharged the plaintiff from arrest under the warrant but still wrongfully detained him, are not in law a good answer to the plea, and the wrongful detention alleged is an answer only as a denial of the allegation of the plea that the defendant's proceedings were all had and taken in the due execution of the warrant.

*Judgment affirmed and cause remanded.*