## JAMES M. KENT v. L. D. MILES.

### OCTOBER TERM, 1895.

*Criminal law. Pleading. Arrest. Duty of officer when court not in session. State's attorney may discharge from.*

1. Where the plea to an action for false imprisonment justifies the detention "for the said space of time in said declaration mentioned," the justification is sufficiently broad as to time.

2. The warrant under which the defendant acted directed him to arrest the plaintiff and have him forthwith to appear before the county court for the county of Orleans. That court was in session when the warrant issued and was delivered to the defendant, but was not in session when the defendant arrived with the plaintiff at its place of sitting. *Held*, that it was the duty of the defendant to detain the plaintiff until said court was in session and that he might lodge him in jail for safe keeping meantime.

3. A state's attorney may discharge from arrest one who is held upon a warrant issued in a prosecution of which he has the charge.

False imprisonment. The defendant filed two pleas in justification. Heard upon the plaintiff's general demurrer to said pleas at the March term, 1895, Washington county, START, J., presiding. Demurrer overruled and pleas adjudged sufficient. The plaintiff excepts.

*T. J. Deavitt* for the plaintiff.

The officer was commanded by his warrant to bring the plaintiff before the county court. Not finding it in session he had no authority to detain the plaintiff. *State* v. *Lamoine*, 53 Vt. 570.·

The plea does not show that defendant acted in good-faith nor why he delayed in serving the warrant. *Shaw* v. *Peckett*, 25 Vt. 426; *Kennerson* v. *Bacon*, 41 Vt. 578; *Hall* v. *Ray*, 40 Vt. 576.

*W. W. Miles* for thedefendant.

The pleas are good. *Kent* v. *Miles*, 65 Vt. 582.

A state's attorney has authority to discharge from arrest in a prosecution of which he has the control. Bish. Crim. Proc., 2d ed., ss. 290 and 291 ; Bish. Crim. Law, 3d ed., s. 856.

TAFT. J. The first objection made to the pleas is that they fail to answer the whole declaration, for that they justify the detention of the plaintiff for three days only instead of the six months' detention charged in the declaration. We might well pass this question unnoticed, as no copy of the declaration has been furnished us; but it appears from the pleas that the pleader justifies the detention of the plaintiff "for the said space of time in the said declaration mentioned." The point is not well taken.

The main question before us is, whether a justification is set forth in the pleas. It is alleged therein that the plaintiff was indicted for perjury, at the September term, 1887, of the Orleans county court sitting at Newport in said county; that on the 14th day of September, 1887, a warrant was issued by the court then in session, properly directed to any sheriff, etc., commanding him "to apprehend the body of the said plaintiff and have him forthwith to appear before the county court in and for said county at said Newport," etc., to answer to said charge of perjury, that the warrant was

4

delivered the defendant to serve, that by virtue of it he did arrest the plaintiff and take him to Newport, but that said county court was not then in session so that the defendant could have the plaintiff before it, and for that reason he kept and detained the plaintiff for the purpose of having him, the said plaintiff, to appear before said court as soon as the same should be in session, and lodged the plaintiff in the common jail at Newport for safe keeping, and made due return of the warrant. When the defendant reached Newport, with the plaintiff under arrest, the court having adjourned, it was his duty under the warrant to keep and detain the plaintiff until the court again convened, either by adjournment or at its next term, and he could lawfully commit the plaintiff to jail for safe keeping. The case of *State* v. *Lamoine*, 53 Vt. 568, involved no question in the case before us. That action was *scire facias* upon a void recognizance taken by a judge having no jurisdiction. It was not necessary to call the sufficiency of the warrant in question. The facts set forth in the first plea are alleged in the second, and in addition thereto, the further fact that the defendant discharged the plaintiff from arrest and confinement in the jail at Newport, where he had committed him, by direction of the state's attorney for Orleans county, the official in charge of the prosecution. It is the duty of the state's attorney to "prosecute for offences," V. S., s. 2955, and we think he has power to discharge one from arrest if, in his judgment, the administration of justice required it.

*Judgment affirmed and cause remanded.*