JAMES M. KENT *vs.* L. D. MILES.

January Term, 1897.

Present: Ross, C. J., ROWELL, TYLER, MUNSON and START, JJ.

*False Imprisonment—Warrant—Arrest.*

The clerk may issue a warrant in vacation for the arrest of one indicted; therefore he may deliver to an officer in vacation a warrant issued during the term.

When a respondent is arrested upon a warrant which commands the officer to have him forthwith before the county court, and that court is not in session, it is the officer's duty to detain him until the court again convenes and he may lawfully commit him to jail for safe keeping.

*In re Durant*, 60 Vt. 176 and *Kent* v. *Miles*, 68 Vt. 48, followed.

This case is not controlled by V. S. 1701 which relates to process by which the officer is directed to commit to jail.

TRESPASS for false imprisonment. Pleas, the general issue and special pleas of justification. Replication, *de injuria*. Trial by jury at the September Term, 1896, Washington County, *Taft*, J., presiding. Verdict directed for the defendant. The plaintiff excepted.

*T. J. Deavitt, W. W. Lapoint* and *John W. Gordon* for the plaintiff.

The warrant, dated September 14 and delivered October 5, commanded something which was, on the face of it, impossible, the court having already adjourned. This, the defendant knew, for he had himself, as sheriff, declared the court adjourned. Therefore the warrant is no protection to the defendant. *In re Terrill*, 52 Kan. 29: 39 Am. St. 327; 16 Am. Law Reg. 660 and cases there cited. As analogous cases see, *Tenney* v. *Harvey*, 63 Vt. 520; *Clayton* v. *Scott*, 45 Vt. 386; *Shaw* v. *Peckett*, 25 Vt. 426; *Vaughn* v. *Congdon*, 56 Vt. 111; *State* v. *Bruce*, 68 Vt. 183; *Brock* v. *Stimson*, 108 Mass. 520: 11 Am. Rep. 390.

*W. W. Miles* for the defendant.

TYLER, J. It appears that the plaintiff was indicted for perjury at the September Term, 1887, of Orleans county court; that a bill of indictment was returned into court and filed on the 14th of the same September; that a warrant for the plaintiff's arrest was then issued but was not delivered to the defendant until October 5th, several days after the close of that term. The defendant, as sheriff of the county, arrested the plaintiff at Montpelier in the county of Washington on the day he received the warrant, and on the following day took him and committed him to the jail in Orleans county. On the 7th of October the defendant released him from custody but rearrested him on the same day upon another warrant issued on that day by the clerk

of Orleans county court. It is for these alleged illegal arrests and the confinement that the plaintiff seeks to recover damages.

It was held in Durant's case, 60 Vt. 176, that the clerk might issue a warrant in vacation for the arrest of a person against whom an indictment had been found; therefore there can be no question as to his right to deliver to an officer in vacation a warrant issued in term time.

The direction in the warrant was to apprehend the body of the plaintiff and have him forthwith to appear *before the county court* in and for said county of Orleans, at Newport, to answer, etc. It was held in *Kent* v. *Miles* 68 Vt. 48, that the court not being in session when the defendant arrived at Newport with the plaintiff it was the defendant's duty under the warrant to keep and detain him until the court again convened, and that he could lawfully commit him to jail for safe keeping. That decision is conclusive of the legality of the arrest and commitment on the first warrant. The case is not controlled by V. S. 1701, which relates to service of legal process where the officer is directed by the process *to commit to jail.*

Durant's case is full authority as to the legality of the arrest and commitment upon the second warrant.

*Judgment affirmed.*