## BALDWIN MEMORIAL EPISCOPAL CHURCH *vs.* EMMA S. RICE ET AL.

*Subrogation—Payment.*

Appeal from an order of the Circuit Court for Anne Arundel County (JONES, J.) *Affirmed.*

On the 15th day of April, 1873, a creditor's bill was filed in the Circuit Court for Anne Arundel County for a sale of the real estate of William Rice, deceased, for the purpose of paying his debts, alleging an insufficiency of the personal estate in the hands of the administrator for that purpose.

On the 7th of January following, a decree in the usual form was passed, and Andrew C. Trippe was appointed trustee to make the sale.   A portion of the real estate was sold, to-wit, sixty acres, more or less, for the sum of $1,225.62.   This sale was duly reported and ratified by the Court on the 7th of July, 1874, and shortly afterwards the case was referred to the auditor to state an account.   Nothing further appears to have been done towards the settlement of this estate, until the 5th of March, 1895, when a statement of claims and an auditor's account was filed and from which it appears that the sum of $969.51 still remained due and unpaid to the creditors of Rice.   On the 7th of March, 1895, the appellant, the Baldwin Memorial Methodist Episcopal Church, of Anne Arundel County, filed a petition in the case, and after reciting the original proceedings, alleged in substance that all of the claims against the estate have been fully paid and were paid in full by one Reginald W. Baldwin, in his lifetime, who acted as the attorney of Trippe, the trustee ; that Baldwin borrowed from the petitioner the sum of $1,000 for this purpose and applied it to the payment and satisfaction of these claims. It further states that the money thus borrowed was to be secured by a lien on the real estate remaining unsold by the trustee ; that the widow of Rice and her children were informed of this indebtedness, and to the first of January, 1893, paid the annual interest of sixty dollars to the petitioner.   It further alleges that inasmuch as the deficit was paid by the money loaned by the petitioner and applied for that purpose, it is entitled to be subrogated to the rights of the claimants, as against the real estate unsold by the trustee. The prayer of the petition is for a sale of the real estate for the payment of the petitioner's claim and for general relief. This petition was answered by Mr. Trippe, the trustee, who disclaimed any knowledge of the loan, and by the widow and children of William Rice, deceased.   Testimony was taken, and, after a hearing of the case, the petition was dismissed.   It is from the order dismissing the petition that this appeal has been taken.

The Court said : " That the only question presented on this appeal is whether the appellant has made such a case as to entitle it to relief by the remedy of subrogation, and this depends upon whether its money paid the indebtedness which is alleged to have remained unpaid, after the application of the proceeds of the sale of the real estate in the hands of the trustee. We have carefully examined the testimony as disclosed by the record, and we fully concur in the views expressed by the learned Judge in the Court below, ' that it is not possible from the evidence furnished, to establish clearly what was the exact relation between the indebtedness to be paid at the time of the death of the intestate, and the funds that became available in the hands of the administrator and trustee for the payment of the same. This seems to be a matter of little better than pure speculation. Hence it is impractionable to ascertain definitely, and with any reasonable certainty, what balance of indebtedness there was to pay after the exhaustion of the proceeds of the land sold in this case which obviously would be the measure of the petitioner's rights, if any, against the land remaining unsold. But let us suppose this balance to be ascertained and settled ; then to justify the relief asked, it must conclusively appear this balance was paid by the money of the petitioner. To show this would necessarily be the first step in the petitioner's case, and upon this point the proof is utterly vague and indefinite. The last payment made by Baldwin on account of the estate here in question, was made according to the evidence on the 6th of April, 1881. The amount then paid is not the exact amount claimed to have been loaned to him by the petitioner for the purposes of the estate herein involved, and there is nothing about the payment as to time, amount or circumstance that affords any intrinsic evidence of its having been made with the proceeds of the alleged loan. The loan is claimed to have been made out of a donation of $10,000, received by the petitioner, which Baldwin was authorized to invest, and it was certainly in the power of the petitioner, or ought to have been, to have fixed the precise time at which the

donation was received, so as to show that the loan could have been made out of the donation in time to have enabled Baldwin to have made payment of the indebtedness in question with the proceeds thereof. Now, upon this point of the time of receiving the donation, two witnesses have testified on the part of the petitioner. One indefinitely that the donation was received by the petitioner in 1881 or 1882, and the other definitely as to the year, putting it in 1881, but indefinitely as to the precise or even approximate time in 1881. The petitioner's proof, therefore, fails to show even that the donation in question had been received on the 6th of April, 1881, at the time the last payment just referred to was made by Baldwin. On the other hand, Mrs. Rice's testimony is that she paid interest on the $1,000 for sixteen years, which would take the advance of that amount, if made by Baldwin, back of the time that which the donation was received by the petitioner, and this testimony, if true, and is not contradicted, gives color to the claim of Mrs. Rice's, that the advance made by Baldwin was to reimburse to him out of the purchase money for the land reported as sold in this case.' The order of the Court dismissing the petition will be affirmed with costs."

Opinion by Briscoe, J., filed June 23rd, 1897. *Edward C. Gantt,* for the appellant. *James M. Munroe,* for the appellees.