### STATE OF MAINE *vs.* ALPHONSE NADEAU.

Androscoggin.    Opinion January 7, 1903.

*Intox. Liquors.    Illegal Transportation.    Arrest.    R. S., c. 27, §§ 31, 39, 40.*

Intoxicating liquors were seized while being illegally transported on Sept. 17, 1901, and a complaint was made against the defendant therefor six days later, when a warrant was issued for his arrest. The defendant was arrested on Oct. 16, twenty-nine days after the seizure, and twenty-three days after the warrant for his arrest was issued.

*Held;* that the warrant was served within a reasonable time.

The provisions of the statute, R. S., c. 27, known as the search and seizure process and requiring an immediate arrest, do not apply to a case like this.

On report.    Judgment for the State.

Prosecution under R. S., c. 27, § 31, for the illegal transportation of intoxicating liquors. The defendant was convicted of the offense in the Lewiston Municipal Court and took an appeal to this court at nisi prius, sitting January, 1902. After the evidence was taken out in the court below, it was agreed to report the case to the law court for determination of the question as to whether the arrest of the defendant was not unreasonably delayed.

The facts appear in the opinion.

*W. B. Skelton,* County Attorney, for State.

*J. G. Chabot,* for defendant.

Counsel cited:    *B. & M. R. R.* v. *Small,* 85 Maine, 463; *State* v. *Riley,* 86 Maine, 145; *State* v. *Guthrie,* 90 Maine, 448.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J. This case comes to the law court on report, and grows out of a complaint for the illegal transportation of liquors, and the proceedings following therefrom.

It is admitted that the respondent, at the time alleged in the complaint, was engaged in the illegal transportation of liquors. The liquors described in the warrant were seized on the 17th day of September, 1901. The complaint, charging the respondent with the illegal transportation of the liquors seized, was made on the 23rd day of September, 1901, six days after the seizure, and the warrant for his arrest was issued on the same day. The respondent was arrested on the 16th day of October, twenty-nine days after the seizure, and twenty-three days after the warrant for his arrest was issued.

The stipulation of the parties is: "If the law court are of opinion that the warrant was served within a reasonable time, judgment is to be rendered for the State, no other question being in issue; otherwise complaint quashed."

The State must prevail.

The report of the evidence does not warrant the finding that the officer was either dilatory or negligent in obtaining or serving the warrant. The case shows that the offense, with which the respondent was charged, comes within the general principles of law applying to criminal offenses. The respondent had violated the criminal law of the State. His offense was not barred by the statute of limitations. He was properly apprehended, tried, convicted and fined. The cases cited in the defendant's brief do not apply to the case at bar. The warrant in each case was issued under the statute relating to search and seizure. The search and seizure process is in a class by itself. The constitution of the State has so placed it. The Bill of Rights, § 5, provides that the people shall be secure in their persons, houses, papers and possessions from all unreasonable search and seizure; and that no search warrant shall issue without a special designation of the place to be searched and the thing to be seized. In alluding

to the constitutional prohibition our court, in *State* v. *Guthrie*, 90 Maine, 448, say : "The danger of its abuse has been so clearly apprehended in this country that constitutional barriers have been erected against it. . . . "Nothing in the complaint or warrant or in law concerning them indicates that, after complaint is made, the warrant is to be held by the magistrate or officer as a weapon to be used at his discretion. The very nature of the search warrant indicates that when complaint is made the warrant (if issued at all) should be promptly issued and executed. The purpose is to seize the thing, alleged to be at that time, in the place to be searched to prevent its removal or further concealment. . . . "Especially is this so when complaint is made for a warrant to issue to search for intoxicating liquors. The complaint is against the particular liquors or deposits at the date of the complaint, and the warrant, under the Declaration of Rights, Art. 5, can be issued against these liquors only." *Weston* v. *Carr*, 71 Maine, 356 ; *State* v. *Riley*, 86 Maine, 144. . . . "The officer is expressly directed by the warrant and the statute to 'make immediate return of said warrant' and to have the respondent 'forthwith' before the magistrate for trial." *State* v. *Guthrie,* supra.

The reason that underlies the prohibition of unreasonable search and seizure, the protection of the people against oppression, is the very reason that urges the issue of a warrant for the apprehension of a person, charged with the commission of a criminal offense.

*Judgment for the State.*