UNITED STATES of America

v.

J. Paul JOINES and John Robert Joines.

Appeal of John Robert JOINES.

No. 12186.

United States Court of Appeals Third Circuit.

Reargued Aug. 4, 1958.

Decided Aug. 14, 1958.

Certiorari Denied Nov. 10, 1958.

See 79 S.Ct. 118.

Judson E. Ruch, York, Pa. (Luria, Still & Ruch, York, Pa., and R. Palmer Ingram, Baltimore, Md., on the brief), for defendant-appellant.

472

William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the defendant from a judgment of conviction in a criminal case. The question raised by the defendant is whether the court erred in admitting evidence of an unregistered still, mash and nontaxpaid liquor discovered and seized in the defendant's dwelling house by internal revenue officers when, armed with a warrant of arrest, they searched the house in an unsuccessful effort to find and arrest the defendant. The appeal was argued at the last term and this court concluded, for the reasons given in our opinion then filed, that the seizure was lawful under the circumstances, that the evidence was properly received and that the judgment should be affirmed. 3 Cir., 246 F.2d 278.

Thereafter the Supreme Court granted a writ of certiorari, vacated our judgment of affirmance and remanded the case to this court for further consideration in the light of Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 1256, 2 L.Ed.2d 1514, decided by the Supreme Court on the same day. 357 U.S. 573, 78 S.Ct. 1380, 2 L.Ed.2d 1547.

We have given the most careful consideration to the opinion of the Supreme Court in the Jones case but are unable to discover that it controls the case before us. In its opinion in that case the Supreme Court said that the search and seizure there involved "were considered to have been justified because the officers had probable cause to believe that petitioner's house contained contraband materials which were being utilized in the commission of a crime, and not because the search and seizure were incident to petitioner's arrest." Viewing the case in this light the court reversed the judgment of conviction based on the seized evidence, pointing out the settled doctrine that probable cause for belief that certain articles subject to seizure are in a dwelling cannot of itself justify a search without a warrant.

In the case before us, however, the facts as found by the trial judge, with which finding we agree, are that the officers searched the defendant's dwelling house in a bona fide attempt to find and arrest him and that they did not know of, or even suspect, the existence of the still, mash and liquor in the dwelling house until they came upon it in the course of their search for the defendant. This, then, is the case which the Supreme Court took pains to point out that the Jones case was not, and it falls within the exception to the rule requiring a search warrant which the court in that case expressly pointed out, namely, a "search incident to a valid arrest."

The fact that the defendant could not be found in his dwelling house did not render the presence of the officers there unlawful since they entered armed with a warrant which they were endeavoring in good faith to execute. And being lawfully in the house they were entitled to seize the illicit articles which met their eyes. Accordingly, the fact that no arrest actually then took place is immaterial. Indeed, if that were the decisive factor there would have been no purpose in remanding the case to us for further consideration. On the contrary, the Supreme Court, had it thought this undeniable fact controlling, would certainly have reversed the defendant's conviction.

Moreover, the failure of the officers to execute the warrant for 21 days even though they may have had opportunities during that time to do so did not render the warrant invalid, as the defendant urges. For ordinarily there is no legal requirement that a warrant of arrest must be executed immediately or at the first opportunity. Kent v. Miles, 1897, 69 Vt. 379, 37 A. 1115; State v. Nadeau, 1903, 97 Me. 275, 54 A. 725; State v. Kopelow, 1927, 126 Me. 384, 138 A. 625. While its execution should not be unreasonably delayed there may be perfectly valid reasons why further investigation should be made before the drastic step is taken of arresting a

citizen on a criminal charge. Certainly there is no constitutional right to be arrested promptly or otherwise.

It is true that the warrant directed the officer executing it to bring the body of the defendant "forthwith" before the commissioner. In this respect it was drawn in compliance with Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which requires that an arrested person be taken before the nearest available commissioner "without unnecessary delay". This refers, however, to delay between arrest and production before a commissioner. It has nothing whatever to do with the time when the arrest is to be made.

We accordingly adhere to our previous conclusion that the judgment of conviction should be affirmed. It will be so ordered.