## Gordon Austin v. John Bundy

[165 A.2d 236]

September Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 1, 1960

*Raymond L. Miles* for the plaintiff.

*Maxwell L. Baton* for the defendant.

**Shangraw, J.**  The plaintiff brings his action under the common counts seeking to recover the sale price of a Hardwick combination gas and oil range, and a Duo-Therm pot burner set forth in specifications at $200. The defendant filed no answer and issue was joined under a general denial. A trial was had by a jury. At the close of the plaintiff's case, the defendant moved for a directed verdict, which was granted. The case is here on the plaintiff's exceptions to the action of the trial court in directing a verdict for the defendant, and to the judgment thereon.

In passing upon the defendant's motion for a directed verdict, the evidence must be taken in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. Contradictions and modifying evidence are ·for the jury to resolve. If there is any substantial evidence fairly and reasonably tending to sup-

port the plaintiff's claim, the question is for the jury. *Benoit* v. *Marvin*, 120 Vt. 201, 203, 138 A.2d 312; *Ready* v. *Peters,* 119 Vt. 10, 11, 117 A.2d 374; *Frenier* v. *Brown,* 116 Vt. 538, 540, 80 A.2d 524. The tendency of the evidence and not its weight is to be considered. *Hill* v. *Stringer,* 116 Vt. 296, 299, 75 A.2d 657.

With these principles in mind, and summarizing the evidence in the light most favorable to the plaintiff, we are confronted with the following situation. During June of 1957, while the plaintiff was building a new house, the defendant, a salesman for Sears, Roebuck & Co., sold to the plaintiff articles of equipment and building material for the new house, totaling $2,700. At the time the plaintiff had a Hardwick gas and oil range, also a Duo-Therm pot burner. The plaintiff and his wife were the only witnesses called during the trial and on examination each testified that the plaintiff was to use the two stoves until he moved into the new house at which time the defendant was "to pick them up and within two weeks pay me $200." About the time the house was completed in December 1957 the plaintiff moved the stoves into a garage occupied by the defendant, and they have not been returned to the plaintiff by the defendant.

Following the completion of the house the plaintiff contacted the defendant on several occasions about selling the stoves and was assured by the defendant that he would sell them. On February 13, 1958 the plaintiff sent a letter to Sears, Roebuck & Co. complaining that it was understood that the defendant "* * * would sell my present stoves for the amount of $200;" and that he had failed to do so. On one occasion the defendant had an offer of $175 for these items, the acceptance of which was declined by the plaintiff.

Without going into further details of the conversation had between the parties at different times, the plaintiff claims that the defendant purchased the two stoves for $200, while it is contended by the defendant that he merely agreed to sell them for the plaintiff. This action is brought to recover for the purchase price of the stoves. It becomes apparent that if the plaintiff fails to prove a sale then there can be no recovery by him. If the defendant merely promised to sell the stoves for the plaintiff no recovery could be had in this action. To say the least, the evidence develops opposing inferences, and issues were presented for the jury to determine.

■ Upon completion of the plaintiff's evidence, and in support of his motion for a directed verdict, the defendant attempted to invoke the Statute of Frauds relating to the sale of goods, wares, or merchandise, for the price of $50.00 or more, by urging that there had not been an acceptance and receipt of the stoves by him, as contemplated and required by 9 V.S.A. §1504(c). The Statute of Frauds is now an affirmative defense and must be pleaded. 12 V.S.A. §1024. Since the statute was not pleaded it is not in the case, and therefore not here for consideration.

The trial court erred in directing a verdict for the defendant. What has been said disposes of the plaintiff's exceptions to the judgment on the verdict.

*Reversed and remanded.*