## William Thurston v. Perley Leno, Jr.

[ 204 A.2d 106 ]

June Term, 1964

Present: **Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.**

Opinion Filed October 6, 1964

*John F. Bernasconi* for plaintiff.

*Cornelius O. Granai* for defendant.

**Smith, J.** The plaintiff brought an action for false imprisonment against the defendant in the Washington County Court. Jury trial was had on October 22, 1963 which terminated by the lower court's granting of defendant's motion for a verdict directed in his favor at the close of the evidence of the plaintiff on October 24, 1963, and a jury verdict for the defendant. On November 8, 1963, the Washington County Court denied the motion of the plaintiff to set aside the verdict and entered judgment for the defendant. The case is here upon the plaintiff's appeal from the judgment order and the denial of his motion to set aside the verdict.

The evidence of the plaintiff, given below, was that the plaintiff, William Thurston, was arrested by the defendant, Perley Leno, Jr. on a civil writ, sounding in conversion, issuing from the Barre Municipal Court, with damages alleged of Three Hundred Dollars.

Leno arrested Thurston in Barre and informed him that if he could furnish security for Three Hundred Dollars he would not have to be confined in the Washington County Jail in Montpelier. Thurston could not furnish such security and Leno then took him to the office of the then judge of the Montpelier Municipal Court. The judge was not in his office and Thurston was then taken to the Washington County Jail by Leno. Leno then called Judge McLeod of the Barre Municipal Court, but whatever such conversation may have been, Thurston was never taken before Judge McLeod. Thurston then made an attempt to provide the Three Hundred Dollars security through a telephone conversation to a friend, but the attempt was unsuccessful.

After this conversation Leno made out his return on the place provided on the municipal court writ in the following language:

"I served this writ on the named defendant by delivering to him in hand a true and attested copy of the original writ, with my return therein indorsed and on the 23rd day of July I made demand on the defendant for the amount of this writ and upon failure to pay the same took his body into possession and lodged him in the Washington County Jail by lodging him with Sheriff Potter and furnishing said keeper of the jail a true and attested copy with my return endorsed."

The return was signed by Leno as "Constable." The evidence is that Sheriff Potter urged Leno that he take Thurston before a judge before lodging Thurston in the Jail. Leno, however, did not do this.

Later, in the same day, Mrs. Thurston was contacted by Leno and she gave him a check for One Hundred Dollars (payment of which was later stopped) and Leno wrote upon the writ, "Received check No. 178 for $100 plus previous check for $135 to pay this account in full. July 23, 1962, Perley Leno, Jr. Constable." Leno then notified Sheriff Potter to release Thurston from the Jail which was done about 7:30 P.M.

No claim is made here, nor was any evidence offered below, by the plaintiff, that the municipal court writ upon which he was arrested was defective or improperly issued. His first briefed contention is that the lower court erred in assuming that the defendant was "an officer" with the power to make arrests on mesne process. As we understand this contention of the plaintiff he does not assert that Leno was not a Constable (an officer with the power to make an arrest on civil process) and he offered no evidence of the lack of such authority in the defendant. His argument seems to be that the burden of proof was upon Leno to establish such authority.

The burden of proof in a false imprisonment action, as in other actions, is upon the plaintiff until a prima facie case has been made out.

Admitted in evidence before the lower court was a copy of the original municipal court writ upon which the plaintiff had been arrested, with the defendant's signature, followed by the title "Constable" in two different places. Such evidence was properly for the lower court's consideration at the time the verdict was directed for the

defendant, and it specified the defendant as an officer. No error is shown.

The real gist of the appeal, however, is based upon plaintiff's claim that the evidence adduced by him shows that he was committed to the county jail by the defendant without first having been brought before one of the magistrates specified in 12 V.S.A. §3573, which constituted his illegal restraint by the defendant. The pertinent part of 12 V.S.A. §3573 is set out below:

"(a) **Copy for defendant; reduction in amount of attachment; bail before commitment.**

When a defendant is arrested on mesne process in a civil action, the officer shall deliver to him an attested copy thereof, if required, and shall commit him to jail, unless he exposes sufficient property to secure the officer, or some person becomes surety to the satisfaction of the officer, by indorsing his name on the writ as bail, provided, however, if the defendant is unable to furnish sufficient property or surety, the arresting officer, unless the defendant shall indorse upon the writ a waiver thereof, shall before committing him to jail take him before any justice of the supreme court or superior judge or an assistant judge or a municipal judge in such county for the purpose of making application to such magistrate for a reduction in the amount of attachment required. Pending a hearing upon such application the defendant may be committed to jail for safe keeping. Such hearing shall be held upon due notice to the plaintiff, or his attorney. Such magistrate upon hearing and for good cause shown may reduce the amount of the attachment required by an order indorsed upon the writ to that effect. If a reduction is denied, either for failure to show cause for a reduction or for failure to apply therefor, a minute to that effect shall be so indorsed. Thereafter, if the defendant is unable to furnish sufficient property or surety, he shall be committed to jail forthwith."

Plaintiff's evidence is that he was not taken before any of the magistrates enumerated in 12 V.S.A. §3573 before his commitment to jail by the defendant. It is the defendant's contention that the evidence is that he did bring the plaintiff to the office of one municipal judge, who was not there, and that he telephoned another municipal judge in an effort to bring the defendant before said judge. Defendant's position is that he made attempt to bring the plaintiff before a

magistrate named in the statute, and that this action was all that the law required him to do.  In support of his position he cites *State of Vermont* v. *Lamoine,* 53 Vt. 568 and the three *Kent* v. *Miles* cases appearing in 65 Vt. 582, 27 Atl. 194, 68 Vt. 48, 33 Atl. 768, and 69 Vt. 379, 37 Atl. 1115.

The cases relied upon by the defendant are all false imprisonment actions, but they are all founded upon arrests made on criminal complaints, and not on an arrest in mesne process such as we have here. Each case involves the matter of a person arrested on criminal process being placed in a county jail for safekeeping by the arresting officer for the reason that a county court to which he was to forthwith bring the respondent was not in session at the time of arrest.  This Court held in substance that in such instances it was the arresting officer's duty to keep and detain the respondent in jail until the specified county court was next in session.   .

■    But we are here concerned with an arrest and imprisonment on civil process under the direction of a statute which is not applicable to those under arrest on criminal·process, and is most specific on the duties of an officer to one whom he has arrested on civil process. Arrest and imprisonment.on civil process is a most drastic process, and the provisions of a statute by which such an arrest can be made must be followed strictly.   See 6 C.J.S. Arrest §43, at 656, and cases cited thereunder.     .

Under 12 V.S.A. §3573 a person arrested on civil process shall not be committed to jail (1) if he, or some other person, shall furnish sufficient security to the officer for the amount of the attachment and (2), unless he waives the right, before he has been taken before one of the magistrates designated in the statute for the purpose of making an application for the reduction in the attachment.   Only after the defendant has been given the opportunity to apply to one of the designated judges for a reduction in the attachment, and a time of hearing has been set by the judge, can the defendant be committed to the jail for safekeeping by the arresting officer.

The legislative intent that an arresting officer must bring such a person before a magistrate for a hearing on the reduction of attachment, in the absence of waiver, before committing him to jail, is clear. First, it is the mandate of the statute that the arresting officer, in the absence of a waiver from the defendant, "shall" perform this duty. Second, the statute empowers justices of the supreme court and su-

perior judges, as well as assistant judges and municipal judges in the county where the arrest is made, to act on such applications for the reduction of the attachment.

We may take judicial notice that there are five justices of the supreme court and six superior judges before whom such applications can be made; in addition there are two assistant judges in every county of the State, as well as at least one municipal judge for every county. The undoubted purpose of the Legislature in designating so large a number of magistrates with the authority to reduce the amount of an attachment in mesne process was to insure that there would always be some judge available to protect this right of a defendant under the statute.

The fact that one or two of such magistrates may not be immediately available when an officer attempts to bring a defendant before them does not excuse an arresting officer from complying with the statute. His duty, laid down by 12 V.S.A. §3573, is to bring the defendant before one of the judges designated in the act, and until he has done so he cannot legally commit the defendant to jail.

The evidence of the plaintiff, viewed in the light most favorable to him, was that he had been committed to the jail by the defendant without first having been taken before a magistrate in accordance with the provisions of the statute. This was substantial evidence supporting the claim of the plaintiff that he had been illegally detained by the defendant in the Washington County Jail, entitling him to go to the jury. *Austin* v. *Bundy,* 122 Vt. 111, 112, 165 A.2d 236. The trial court was in error in directing a verdict for the defendant.

We, of course, have no knowledge of what evidence might have been adduced by the defendant had the trial been allowed to continue. For this reason the case must be returned to the Washington County Court for a new trial.

*The entry is "Reversed and Remanded."*